UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 17-4624(DSD/DTS)

Lemond Properties, LLC,

        Plaintiff,

v.                                                          **ORDER**

Chart Inc.,

        Defendant.

      John L. Krenn, Esq. and Gray Plant Mooty, 80 South 8th Street, Suite 500, Minneapolis, MN 55402, counsel for plaintiff.

      Jason R. Asmus, Esq. and Briggs & Morgan, PA, 80 South 8th Street, Suite 2200, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the cross motions for summary judgment by plaintiff Lemond Properties, LLC and defendant Chart, Inc.. Based on a review of the file, record, and proceedings herein, the court grants Lemond's motion and denies Chart's motion.

**BACKGROUND**

This contract dispute arises out of the parties' lease agreement involving industrial property in Owatonna, Minnesota. Under the agreement, Chart agreed to lease the property from Lemond for manufacturing purposes. McGregor Decl. Ex. 1 §§ 1.1-1.3. The lease commenced on November 23, 2011, and the parties agreed it would expire by its terms on November 30, 2023. Id. §§ 3.1-3.2.

The lease also includes the following early termination provision:

> Tenant shall have, in its sole discretion, the right to terminate this Lease upon completion of the third (3rd) Lease Year or the completion of the seventh (7th) Lease Year, as applicable, by (1) providing Landlord with twelve (12) months written notice prior to the start of such applicable Lease Year (either the 3rd or the 7th) that it is exercising its early termination rights ....

Id. § 3.3.  On November 26, 2013, the parties amended the lease agreement.  Id. Ex. 2.  Among other changes, Chart agreed to waive its early termination rights as to the third lease year.  Id. § C. In 2015, Chart stopped manufacturing in the property, but continued paying rent as set forth in the agreement.  Compl. ¶ 13.  Then, on September 18, 2017, Chart sent a letter notifying Lemond that it was terminating the lease effective at the end of the seventh lease year (November 30, 2018).  McGregor Decl. Ex. 3.  Lemond responded that the notice was untimely because Chart was required to give twenty-four months' notice before the completion of the seventh lease year, i.e., on or before December 1, 2016.  Id. Ex. 4.

Lemond then commenced this suit seeking a declaration that Chart's termination notice is of no legal force or effect and that the lease will not expire until November 30, 2023.  Soon thereafter both parties moved for summary judgment.[1]

---

[1]  If the court determines that extrinsic evidence is required to decide the case, Chart requests a stay pursuant to Federal Rule of Civil Procedure 56(d) so that the parties may engage in discovery.

## DISCUSSION

### I.   Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case.   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party.  Id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. Id. at 255.   The nonmoving party, however, may not rest on mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial.  Celotex, 477 U.S. at 324.  A party asserting that a genuine dispute exists - or cannot exist - about a material fact must cite "particular parts of materials in the record."   Fed. R. Civ. P. 56(c)(1)(A).   If a plaintiff cannot support each essential element of a claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial.  Celotex, 477 U.S. at 322-23.

## II.  Timeliness of Termination Notice

This case turns on the interpretation of the early termination provision.  "The cardinal purpose of construing a contract is to give effect to the intention of the parties as expressed in the language they used in drafting the whole contract."  Art Goebel, Inc. v. N. Suburban Agencies, Inc., 567 N.W.2d 511, 515 (Minn. 1997).[2]   Construction of an unambiguous contract is a legal question for the court, while construction of an ambiguous contract is a factual question for the jury.  Denelsbeck v. Wells Fargo & Co., 666 N.W.2d 339, 346 (Minn. 2003).  A contract is ambiguous if "it is reasonably susceptible to more than one interpretation." Art Goebel, Inc., 567 N.W.2d at 515.   "Where the parties express their intent in unambiguous words, those words are to be given their plain and ordinary meaning."  Motorsports Racing Plus, Inc. v. Arctic Cat Sales, Inc., 666 N.W.2d 320, 323 (Minn. 2003).   A court determines whether a contract is ambiguous "based solely on the language of the contract."  Maurice Sunderland Architecture, Inc. v. Simon, 5 F.3d 334, 337 (8th Cir. 1993).   "Minnesota courts assign unambiguous contract language its plain meaning and refrain from rewriting, modifying, or limiting its effect by a strained construction."  Feed Mgmt. Sys., Inc. v. Comco Sys., Inc., 823 F.3d 488, 493 (8th Cir. 2016).   Further, courts give effect to all of

---

[2]  The lease is governed by Minnesota law.  McGregor Decl. Ex. 1 § 16.10; id. Ex. 2 § F.

the contract's provisions and must "attempt to avoid an interpretation of the contract that would render a provision meaningless." Chergosky v. Crosstown Bell, Inc., 463 N.W.2d 522, 526 (Minn. 1990).

According to Lemond, the early termination provision unambiguously requires Chart to provide at least twenty-four months' notice of early termination. Chart responds that the plain language of the provision requires only twelve months' notice. Chart also relies on extrinsic evidence, including pre-execution negotiations, to support its position.[3] The court agrees with Lemond that the early termination provision unambiguously required Chart to provide at least twenty-four months notice of termination.

Relevant to the facts presented, the provision states that Chart may unilaterally terminate the lease "upon completion of the ... seventh (7th) Lease Year ... by (1) providing Landlord with twelve (12) months written notice prior to the start of [the 7th Lease Year] that it is exercising its early termination rights ...." Id. § 3.3 (emphasis added). The seventh lease year runs from December 1, 2017, through November 30, 2018. Id. § 4.1. Under the plain language of the provision, Chart was required to

---

[3]   The court will only consider extrinsic evidence if it concludes that the contract language is ambiguous. See Summit Recovery, LLC v. Credit Card Reseller, LLC, No. 08-5273, 2010 WL 1427322, at *4 (D. Minn. Apr. 9, 2010) ("[T]he parol evidence rule bars admission of extrinsic evidence when the parties have reduced their agreement to an unambiguous, integrated writing.").

give written notice of termination twelve months prior to December 1, 2017, <u>i.e.</u>, twelve months prior to the start of the seventh lease year.  It is undisputed that Chart failed to do so.

Chart argues that it was only required to provide twelve months' notice before the end of the seventh lease year.  In other words, Chart contends that it was obligated to provide notice of termination before November 30, 2017, which it did.  Chart's interpretation is unavailing; it requires the court to disregard the words "prior to the start of" the seventh lease year.  The court cannot do so.

Nor will the court construe the provision unreasonably.  <u>Art Goebel, Inc.</u>, 567 N.W.2d at 515.  Chart argues that "prior to the start of" simply means that it is obligated to provide twelve months and one day notice; in other words, by November 30, 2017. But that interpretation is strained, nonsensical, and would render the "prior to the start of" language practically meaningless.  If, for example, the language at issue were excluded entirely from the provision, notice would have been required by December 1, 2017. According to Chart, the "prior to the start of" language was included for the sole purpose of imposing one additional day of notice (November 30, 2017).  The court is not convinced.  A plain reading of the provision as a whole belies this interpretation.

Had the parties intended to provide a notice period of twelve months, they could have done so by using the words like "prior to the end of" or "prior to the expiration of" the lease year instead of "prior to the start of" the lease year.  Indeed, they did so in the lease's purchase option provision.  See id. § 17, Ex. F ¶ 2 ("Tenant may exercise the Purchase Option only by delivering to Landlord, <u>at least twelve (12) months prior to the expiration of</u> the Option Term, a written notice of exercise ....") (emphasis added).  The failure to similarly phrase the early termination provision is telling and further supports the court's interpretation.

As a result, under settled principles of contract interpretation, the court concludes that Chart's notice of termination was untimely and, therefore, the lease remains in effect.  Because the lease agreement is unambiguous, the court will not consider extrinsic evidence and denies Chart's request for a stay under Rule 56(d).

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that

1.  Plaintiff's motion for summary judgment [ECF No. 7] is granted; and

7

2.   Defendant's motion for summary judgment [ECF No. 21] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: January 19, 2018


                                    s/David S. Doty
                                    David S. Doty, Judge
                                    United States District Court